UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Allen Richardson, | : | Case No. 1:09CV1611 |
| | : | |
| Petitioner | : | Judge Sara Lioi |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Bennie Kelly, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his conviction pursuant to a plea of guilty to one count of involuntary manslaughter, upon which he is serving a sentence of nine years incarceration, and one count of felonious assault, upon which he was sentenced to six years incarceration, both counts bearing three-year firearm specifications, which were merged, the sentences to run consecutively, for an aggregate sentence of eighteen years.[1]

---

[1] Petitioner was originally charged relative to the death of Mr. Robert Earl Edwards with one count of aggravated murder, one count of felony-murder, one count of felonious assault (serious physical harm), and one count of felonious assault (by means of a deadly weapon or dangerous ordnance), with each count bearing a three-year firearm specification as well as a criminal gang activity specification.  He was also charged as follows relative to harm caused to Jane Doe: one count of attempted murder, one count of felonious assault (serious physical harm), and one count of felonious assault (by means of a deadly weapon or dangerous ordnance), with each count bearing a three-year firearm specification.  The final count charged against him was having a weapon while under a disability.  Petitioner's plea was consequent to a negotiated plea agreement to the charges outlined above, and the remaining charges were nolled.

1

On March 14, 2006, petitioner appealed his convictions to the Ohio Eighth District Court of Appeals, alleging one assignment of error. On January 4, 2007 the state appellate court affirmed the judgment of conviction and sentence.

An appeal to the state supreme court should have been filed within 45 days thereafter, or by February 19, 2007.[2]

Instead, on March 20, 2007 petitioner, acting *pro se*, filed a motion for leave to file delayed appeal to the state supreme court, which was denied on May 2, 2007, and the case was dismissed.

While the direct appeal to the Ohio Eighth District was pending, on December 22, 2006 petitioner also filed a *pro se* petition to vacate or set aside judgment of conviction or sentence alleging ineffective assistance of trial counsel, which was denied on January 12, 2007. No further appeal of that decision was taken.

Nearly a year expired after the state supreme court decision denying petitioner's attempt to file a delayed appeal of the January 4, 2007 affirmance of his conviction and sentence, when on April 15, 2008 petitioner filed a delayed motion to reopen his direct appeal pursuant to Rule 26(B)(1) of the Ohio Rules of Appellate Procedure. That application was denied by the appellate court on May 12, 2008.

On June 9, 2008 petitioner filed a timely appeal of the denial of his application. That appeal was dismissed on August 6, 2008 as "not involving any substantial constitutional question."

Nearly another year passed before petitioner filed with the trial court a pleading captioned "presentence motion to withdraw guilty plea pursuant to Crim. Rule 32.1 or in the alternative motion for re-sentencing" on July 21, 2009. That motion was denied on September 23, 2009, with

---

[2]Actually, 45 days fell on the 18th, which was a Sunday.

2

no further appeal.

On July 14, 2009 the petitioner filed the instant petition alleging the following three claims for relief:

> **A.** **GROUND ONE:** "Richardson's right to effective assistance of counsel on appeal, guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution and the fifth, sixth and fourteenth Amendments of the United States Constitution was violated by appellate counsels [sic] failure to raise on direct appeal, an assignment of error predicated on the trial courts [sic] failure to inform the Richardson [sic] at the time of his plea, of the mandatory period of postrelease control, O.R.C. 2929.19(B)(3)(e), because this plea was not entered intelligently and knowingly, with knowledge of the maximum penalty involved in the plea as required by criminal rule 11(c) and the fifth amendment due process clause of the United States Constitution."
>
> **B.** **GROUND TWO:** "Richardson's right to effective assistance of counsel on appeal, guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution and the fifth, sixth and fourteenth Amendments of the United States Constitution was violated by appellate counsels [sic] failure to raise on direct appeal, an assignment of error predicated on the trial courts [sic] failure to recognize trial courts [sic] error of not informing the Richardson [sic] at the time of his plea, of the mandatory period of postrelease control, O.R.C. 2929.19(B)(3)(e), and the consequences of violating such period of postrelease control and allowed Richardson to enter a plea of guilty without full knowledge of the maximum penalty involved in the plea as required by criminal rule 11(c) and the fifth amendment due process clause of the United States Constitution."
>
> **C.** **GROUND THREE:** "Ignorance of the law can suffice to establish "good cause" to reopen appeal filed after the usual 90-day time allotted when filing an application to reopen direct appeal."

Respondent has moved to dismiss the instant petition as having been untimely filed.[3]

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 (d)(1) provides in part that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.

Section 2244(d)(2) further specifies: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In order for a pleading to have been "properly filed" as contemplated by this section, its delivery and acceptance must have been in accordance with the state laws and ruling governing such filings, including the requirements for timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000); Walker v. Smith, 360 F.3d 561, 563 (6th Cir. 2004). However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case petitioner's conviction became final on February 19, 2007, the date upon which an appeal to the state supreme court from the decision of the Ohio Eighth District affirming his convictions and sentences should have been filed. Ohio Supreme Court Rule II, §2(A)(1). The

---

[3]Although on December 28, 2009 this Court granted the petitioner's motion for extension of time until January 23, 2010 to respond to the motion to dismiss, petitioner has failed to do so.

limitations period began to run on the following day, and if there had been no tolling, would have expired one year later, on February 20, 2008.[4]

The limitations period ran from February 20, 2007 until it was tolled on March 20, 2007, the date upon which the petitioner filed a delayed appeal to the Ohio Supreme Court, with 28 days having elapsed. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006) ("Such a motion for delayed appeal [to the state supreme court], even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."), citing Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001). When the court dismissed that appeal on May 2, 2007, the limitations period began to run again, and continued to run until it expired 337 days later, on April 3, 2008. During that period of time, no actions were filed by petitioner which could have tolled the limitations period, as it was not until April 15, 2008 that he filed a delayed motion to reopen his direct appeal pursuant to Rule 26(B)(1) of the Ohio Rules of Appellate Procedure, so that even if that action had been "properly filed," it could not toll or revive a limitations period which had already expired.

In light of the fact that this petition was not filed until July 14, 2009, it was untimely.

When the lack of tolling of the limitations period consequent to petitioner's state court filings is coupled with the failure of petitioner to convincingly establish extraordinary circumstances in support of equitable tolling, this petition is time-barred pursuant to 28 U.S.C. § 2244 (d)(1) and, therefore, this Court recommends that it be dismissed.

---

[4]The petition to vacate or set aside judgment which petitioner had filed with the trial court on December 22, 2006, did not impact the limitations period, as it was denied prior to the date upon which the limitations period began to run.

                       s/DAVID S. PERELMAN
                       United States Magistrate Judge


DATE: February 11, 2010



## OBJECTIONS

  Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).